IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE L. PEREZ,<br><br>       Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC<br>D/B/A MR. COOPER,<br><br>       Defendant. | Case No.   1:19-cv-02882 |

## COMPLAINT

NOW COMES Plaintiff, JOSE L. PEREZ, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER as follows:

## NATURE OF THE ACTION

1. This action seeks damages for Defendant's violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

4. JOSE L. PEREZ ("Plaintiff") is a natural person, who at all times relevant resided in this judicial district.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is a "person" as defined by 815 ILCS 505/1(c)

1

7. Plaintiffs is a "consumer" as defined by 815 ILCS 505/1(e).

8. NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER ("Mr. Cooper") is a foreign limited liability company with its principal place of business in Coppell, Texas.

9. Mr. Cooper is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Mr. Cooper is engaged in "commerce" as defined by 815 ILCS 505/1(f).

## FACTUAL ALLEGATIONS

11. On October 24, 2007, Plaintiff executed a mortgage (the "Mortgage") in favor of GB Home Equity, LLC.

12. The Mortgage secured the purchase of Plaintiff's personal residence located at 621 2565 Springdale Circle, Naperville, Illinois 60564 (the "Property").

13. The Mortgage secured the repayment of the indebtedness evidenced by a home equity line of credit in the amount of $93,000.00 (the "Loan").

14. Plaintiff defaulted on the Loan by failing to make monthly payments pursuant to the terms of the Loan. Thereafter, the Mortgage was assigned, sold or transferred to Mr. Cooper.

15. On October 31, 2016, Plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

16. Simultaneously with the voluntary petition, Plaintiff filed his Chapter 13 plan. Plaintiff's plan provided for the Property to be surrendered to Mr. Cooper.

17. Plaintiff's Chapter 13 Plan (the "Confirmed Plan") was confirmed on January 6, 2017.

18. On April 13, 2017, CitiMortgage, Inc. initiated mortgage foreclosure proceedings against the Property.

19. On July 26, 2017, the Circuit Court of Will County entered a Judgment of Foreclosure.

20. On December 14, 2017, a judicial sale of the Property occurred. The Property was sold for $266,434.00.

21. On March 5, 2018, the Circuit Court of Will County entered an Order Approving Report of Sale and Distribution.

22. Plaintiff successfully completed plan payments in accordance with his confirmed Chapter 13 plan.

23. On October 15, 2018, the Bankruptcy Court entered an Order of Discharge for the benefit of Plaintiff under 11 U.S.C. § 1328(a).

24. Plaintiff's discharge by operation removed Plaintiff's personal liability on indebtedness owed to Mr. Cooper.

25. On April 2, 2019, Mr. Cooper mailed Plaintiff written correspondence.

26. The written correspondence stated:

Payment Due Date: 04/26/2019
**Amount Due: $111,547.52**

27. The written correspondence further stated:

| Transaction Activity (09/01/2010 to 04/02/2019) | | | | | | |
|---|---|---|---|---|---|---|
| Date | Description | Total | Principal | Interest | Escrow | Other |
| 03/14/2019 | Late Charge Assessed | $56.05 | | | | $56.05 |
| 02/12/2019 | Late Charge Assessed | $55.68 | | | | $55.68 |
| 01/11/2019 | Late Charge Assessed | $55.31 | | | | $55.31 |
| 12/12/2018 | Late Charge Assessed | $55.31 | | | | $55.31 |
| 11/13/2018 | Late Charge Assessed | $54.40 | | | | $54.40 |

28. The written correspondence is a "communication" as defined by 15 U.S.C. § 1692a(2) as it conveyed information regarding the Loan to Plaintiff.

29. By sending the written correspondence to Plaintiff, Mr. Cooper attempted to collect a debt incurred for "personal, family, or household purpose" as defined by 15 U.S.C. § 1692a(5).

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 *et seq*.)

30. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

31. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of –

    (A) the character, amount, or legal status of any debt; or

    (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(2) and e(10).

32. "A demand for immediate payment while a debtor is in bankruptcy is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362) or the discharge injunction (11 U.S.C. § 524), it is not." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004).

33. Mr. Cooper's written correspondence is objectively false and misleading in that it misrepresents the legal status of Plaintiff's account by, *inter alia*, stating "**Amount Due**" – falsely

representing that money is due, although because of the discharge injunction, it is not; violating 15 U.S.C. §§ 1692e(2), and e(10).

## Violation of 15 U.S.C. § 1692f

34. Section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).

35. Mr. Cooper violated 15 U.S.C. § 1692f(1) by assessing late charges to the Loan 15 months following judicial sale of the Property.

36. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2), e(10) and f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

\*\*\*

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

**WHEREFORE**, Plaintiff request the following relief:

A. find that Mr. Cooper violated 15 U.S.C. §§ 1692e(2), e(10) and f(1);

5

  B.  award any actual damage sustained by Plaintiff as a result of Mr. Cooper's violation pursuant to 15 U.S.C. § 1692k(a)(1);

  C.  award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  D.  award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

  E.  award such other relief as this Court deems just and proper.

## COUNT II
### Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*)

37. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

38. Section 2 of ICFA provides:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false, pretense, false promise, misrepresentation or the concealment, suppression, or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived, or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to section 5(a) of the Federal Trade Commission Act.

39. Mr. Cooper violated 815 ILCS 505/2 by engaging in the following unlawful acts or practices in the course of mortgage servicing:

  a.  Assessing late charges to the Loan 15 months following judicial sale of the Property.

40. It is unfair of Mr. Cooper to assess late charges to the Loan 15 months following judicial sale of the Property.

41. Mr. Cooper's unfair business practices have caused, and will continue to cause, great immediate and irreparable harm to Plaintiff, and consumers generally.

42. Specifically, Mr. Cooper's unfair business practices cause significant harm to Plaintiff and consumers, generally because the Plaintiffs and consumers are charged unlawful late fees, which increases the balance on their loans; therefore, decreasing the equity that Plaintiff and other consumers may have in the underlying real estate.

43. The substantial injuries complained of were not reasonably avoidable by Plaintiff and were not outweighed by countervailing benefit to Plaintiff.

44. Moreover, Mr. Cooper is unjustly enriched by unlawful late charges they have been able to assess to the Loan.

45. Mr. Cooper's unfair and deceptive acts and practices violate public policy and shed light on an industry where business decisions are driven by profit, with complete disregard for consumers, whose mundane but unusual issues go unheeded – with the consumer suffering the consequences.

46. Punitive damages are warranted as Mr. Cooper's unfair and deceptive acts and practices were outrageous, wanton and willful, were oppressive, against public policy, and demonstrated a conscious disregard and indifference not only for the rights of Plaintiffs, but consumers nationwide who:

    a. Reasonably anticipate that mortgage servicers won't assess late charges that they are not entitled to collect; and

    b. Reasonably anticipate that mortgage servicers will adhere to consumer financial statutes as well as investor/mortgage servicing guidelines.

**WHEREFORE**, Plaintiff requests the following relief:

A. find Mr. Cooper in violation of 815 ILCS 505/2;

B. preliminarily and permanently enjoin Mr. Cooper from further violating 815 ILCS 505/2;

C. award any actual damages to Plaintiff as a result of Mr. Cooper's violation;

D. award exemplary and punitive damages for Mr. Cooper's unfair and deceptive acts and practices;

E. award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F. award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: April 30, 2019                                            Respectfully submitted,

**JOSE L. PEREZ**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com